# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1331V
UNPUBLISHED

| | |
|---|---|
| ESTATE OF JAMES LEROY DOEBLER and STATUTORY DEATH BENEFICIEARIES OF JAMES LEROY DOEBLER,<br><br>　　　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 25, 2022<br><br>Decision; Dismissal; Uncovered Vaccines; pneumococcal polysaccharide (Pneumovax-23) vaccine |

*William H. Barton, II*, Barton Law Firm, PLLC, Pascagoula, MS, for Petitioner.

*Heather L. Pearlman*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION**[1]

On May 6, 2021, a petition for compensation was filed on behalf of James Leroy Doebler[2] under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34 (the "Vaccine Act").[3] The petition alleges that Mr. Doebler suffered injuries and ultimately died as a result of a "pneumonia 23 Valent vaccination" on August 30, 2017. Petition at 1. While the Court of Federal Claims cover sheet indicated this claim was a "454 Death – Pneumococcal Conjugate" case, the vaccine received by Mr. Doebler was instead a pneumococcal polysaccharide vaccine. Exhibit 2 at 305 (vaccination history).

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The proper petitioner and administrator of James Doebler's estate was later identified as Christopher Doebler. Exhibit 6 (Letters of Administration). However, a motion to amend the caption was not filed.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Because the petition alleged an injury based on a vaccine not included in the Vaccine Injury Table, I issued an order to show cause why this case should not be dismissed. Order, issued Oct. 26, 2021. Petitioner did not respond to the order to show cause.

To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she received a vaccine set forth in the Vaccine Injury Table (the "Table"). § 11(c)(1)(A). Compensation is awarded only to individuals "who have been injured by vaccines routinely administered to children." H.R. Rep. 99-908, 1986 U.S.C.C.A.N. 6344 at 3.

"There are two types of pneumococcal vaccines . . . pneumococcal conjugate and polysaccharide vaccine[s]." *Bundy v. Sec'y of Health & Human Servs.*, No. 12-769V, 2014 WL 348852, at *1 (Fed. Cl. Spec. Mstr. Jan. 8, 2014). Only pneumococcal conjugate vaccines, routinely administered to children, are covered by the Vaccine Program. *See Morrison v. Sec'y of Health & Human Servs.*, No. 04-1683V, 2005 WL 2008245, at *1 (Fed. Cl. Spec. Mstr. July 26, 2005) (describing how and when pneumococcal conjugate vaccines were added to the Vaccine Table); 42 C.F.R. § 300aa—14(a)(XII) (pneumococcal conjugate vaccine listed on Vaccine Table).

Mr. Doebler received a pneumococcal polysaccharide vaccine. Exhibit 2 at 305. As such, Petitioner is unable to show that Mr. Doebler "received a vaccine set forth in the Vaccine Injury Table." §11(c)(1)(A). Thus, Petitioner cannot receive compensation on a claim based on a non-covered vaccine through the Vaccine Program, and the petition must be dismissed. *See, e.g.*, *Cielencki v. Sec'y of Health & Human. Servs.*, No. 15-632V, 2015 WL 10767150, at *3 (Fed. Cl. Spec. Mstr. Dec. 22, 2015).

Petitioner has failed to demonstrate that Mr. Doebler was injured by a vaccine covered under the Vaccine Program. **This case is dismissed for failure to state a claim upon which relief can be granted. The clerk shall enter judgment accordingly.**[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."